# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>S. BABB, et al.,<br><br>　　　　　　Defendants. | 1:18-cv-00467-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 10)<br><br>**FOURTEEN-DAY DEADLINE** |

## I. Screening Requirement and Standard

Plaintiff Kareem J. Howell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 2, 2018, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 9.) Plaintiff's first amended complaint, filed on July 30, 2018, is currently before the Court for screening. (ECF No. 10.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is a state prisoner currently housed at California State Prison, Corcoran, where the events in the complaint are alleged to have occurred. Plaintiff brings suit against the following defendants: (1) Correctional Captain S. Babb; (2) Correctional Lieutenant S. Tumacder; and (3) Correctional Captain Gallagher. Plaintiff alleges that he has been retaliated against in violation of the First Amendment to the United States Constitution.

Plaintiff alleges that he filed an institutional staff complaint against Sergeant Burns, and then filed a civil complaint in the Eastern District against Sergeant Burns on February 2, 2018,

Case No. 1:18-cv-00311. Since that time, Plaintiff alleges that he has been experiencing retaliation by Defendants Babb, Tumacder and Gallagher.

On March 29, 2018, Defendants Babb and Tumacder came to Plaintiff's cell in the mental health long term housing unit. Defendant Tumacder stated to Plaintiff, "You filed a complaint on Sergeant J. Burns and another officer alleging some kind of misconduct. I think it's best if you fixed that situation, or we are going to place you in the administrative segregation unit." (ECF No. 10 at p. 6.) Plaintiff replied, "I'm not fixing anything. Sgt J. Burns violated my constitutional rights, and I'm letting the courts deal with him." (Id.) Defendant Tumacder stated, "Look, that's why we are here. To try and fix what happen, so this don't have to get messy." (Id.) Plaintiff asked if Defendant Tumacder was threatening him and what would happen if he did not fix the complaint. Defendant Babb then stated, "I'm going to order my officers to remove you from this cell and take you over to ASU, and trust me, you're not tough enough for that unit." (Id. at p. 7.)

Plaintiff explained to the defendants that if they tried to move him to administrative segregation, then he would file a complaint against them. Plaintiff also explained that he had a serious mental disorder and the law prohibited them from placing him in the administrative segregation unit. Defendant Babb then asked Plaintiff if he was going to fix the problem with J. Burns. When Plaintiff said no, Defendant Babb told him to start packing his personal property because he was moving. Plaintiff informed Defendant Babb that he needed to speak to mental health staff and that he would kill himself before he allowed them to place him in administrative segregation. Defendant Babb responded, "Kill yourself and we'll just move your dead body to the A.S.U. unit. One way or another you're moving." (Id. at p. 5.) Plaintiff again asked Defendant Babb to call someone from mental health for Plaintiff to speak with. Defendant Babb told Plaintiff that he could speak to mental health on his own time and walked away from the cell.

About an hour later, approximately 10 to 12 correctional officers dressed in extraction gear approached Plaintiff's cell and ordered him to submit to handcuffs. Plaintiff complied with the order, submitted to handcuffs and was removed from his cell without incident. Plaintiff was escorted to a holding cell inside the unit staff hallway while officers packed up his personal property.

While speaking to a mental health care provider in the holding cell, Plaintiff was approached by Defendant Babb, Defendant Tumacder and Morelock, a custody employee. Plaintiff was asked if he had reconsidered not moving forward with his civil complaint against J. Burns. Plaintiff assured them that he would be moving forward. At that time, Plaintiff was told that he was being moved from the mental health long term housing unit due to several custody officers stating that they did not feel safe working around Plaintiff. When Plaintiff demanded to know the identities of the staff members, Defendant Babb told Plaintiff that it was not important and that the only thing that mattered was Plaintiff dropping his civil complaint against J. Burns. Plaintiff refused and was forcefully escorted to the administrative segregation unit. Plaintiff alleges that he was moved without an opportunity to present his views to prison official and was denied a lock-up order that stated the reason/cause for his placement in segregation.

Plaintiff asserts that he did not receive a mental health evaluation before, during or after his placement in the administrative segregated housing unit. No mental health staff member approved Plaintiff's removal from the mental health long term housing unit and placement in the administrative segregation unit. The decision to move Plaintiff allegedly was a punitive decision made by Defendants Babb, Tumacder, and J. Gallagher in retaliation for Plaintiff filed a staff complaint and civil complaint against Officer J. Burns.

Prior to his move to administrative segregation, Plaintiff's mental health treatment plan included attending 1½ hours in therapy groups working on his coping skills, his poor impulse control/anger management and his processing. In addition, his treatment plan included attending one-on-one sessions with his primary psychologist once a week, during which Plaintiff was working through childhood issues. The long-term housing mental health program also provided several privileges, including night dayroom two times a week, a yard exercise program for 3 hours every other day, a window in the cell, a T.V., radio and typewriter in the cell, a food package once a year, a cup and bowl and a library providing on-demand reading books and legal services.

Plaintiff asserts that his placement in the administrative segregation unit interfered with his mental health treatment plan, and his adequate receipt of mental health services.

On March 30, 2018, Plaintiff asked Defendant Gallagher if he was going to Defendants Babb, Tumacder, and other custody staff to place him in administrative segregation without a lock-up order. Defendant Gallagher replied that Sergeant Burns had a lot of friends, and Plaintiff filing a complaint against him could hurt his job. Defendant Gallagher also told Plaintiff that he was placed in administrative segregation because they did not want him in the long-term mental health housing unit. Plaintiff replied that he could not be removed from the mental health program without the approval of mental health care providers and that it was illegal to interfere with him receiving mental health services and his treatment plan. Plaintiff realized that Defendant Gallagher refused to address Plaintiff's issues, so Plaintiff verbally requested that Defendant Gallagher bring him an appeals complaint form so that he could file an emergency complaint for mistreatment and his housing in the administrative segregation unit. Defendant Gallagher reportedly told Plaintiff that he was not filing any complaints, and if he could not handle the unit, then he could kill himself.

Plaintiff seeks injunctive relief, along with compensatory and punitive damages.

### III.     Discussion

#### A. Due Process – Administrative Segregation Placement

Assignment of a prisoner to segregated housing meets federal procedural due process standards if the prisoner has "'an opportunity to present his views' to the official 'charged with deciding whether to transfer him to administrative segregation.'" Toussaint v. McCarthy, 926 F.2d 800, 803 (9th Cir. 1990) (quoting Hewitt v. Helms, 459 U.S. 460, 476 (1983)). To satisfy due process, the administrative segregation process must meet only minimal due process requirements: an informal non-adversary hearing within a reasonable time after being segregated, notice of the charges or the reasons segregation is being considered, and an opportunity for the inmate to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986), overruled on other grounds by Sandin v. Conner, 515 U.S. 472, 481 (1995).

At the pleading stage, Plaintiff appears to state a cognizable claim for denial of due process related to his placement and retention in administrative segregation by Defendants Babb, Tumacder and Gallagher. There is no indication that Plaintiff received an informal hearing, a notice of the charges/reasons for segregation or an opportunity to present his views.

### B. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes, 408 F.3d at 567–68.

At the pleading stage, Plaintiff has stated a cognizable retaliation claim against Defendants Babb, Tumacder and Gallagher because they allegedly placed and/or retained Plaintiff in the administrative segregation due to Plaintiff's filing of a complaint against Sergeant Burns.

### C. Grievance Process

Plaintiff also appears to complain about denial of inmate appeal/grievance forms by Defendant Gallagher. However, Plaintiff cannot pursue any claims against staff relating to their involvement in the administrative processing or review of his prisoner grievances. The existence of an inmate grievance or appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that the process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Accordingly, Plaintiff cannot state a cognizable claim against Defendant Gallagher based on the denial of appeal/grievance forms.

### IV. Conclusion and Recommendations

Based on the above, the Court finds that Plaintiff's amended complaint states cognizable claims against Defendants Babb, Tumacder and Gallagher for a violation of his Fourteenth Amendment due process rights and for retaliation in violation of the First Amendment. However, Plaintiff has not stated any other cognizable claims. Therefore, all other claims should be dismissed.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint against Defendants Babb, Tumacder and Gallagher for a violation of his Fourteenth Amendment due process rights and for retaliation in violation of the First Amendment.
2. All other claims and defendants be dismissed from this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 8, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE